Daniel S. Szalkiewicz, Esq.  (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for the Plaintiff John Doe*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>         Plaintiff,<br><br>     v.<br><br>JIA LUN SHAO a/k/a ANDY SHAO and JINGYUN WANG a/k/a VIVIAN WANG<br><br>         Defendants. | Case No. 24-cv-09972 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF HIS MOTION TO PROCEED UNDER PSEUDONYM

## Table of Contents

**PRELIMINARY STATEMENT** ................................................................................................. **4**

**FACTUAL BACKGROUND** ...................................................................................................... **5**

**ARGUMENT** ................................................................................................................................ **6**

**Table of Authorities**

**Cases**

Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 551 (D.N.J. 2006).................................. 10

Doe v. Megless, 654 F.3d 404 (3d Cir. 2011).................................................................. 7, 8, 9, 10

Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) ...................................................................... 7

Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997) ........................... 8

Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J.
    Sept. 30, 2019) ........................................................................................................................ 9

United States v. Janssen Therapeutics, 795 F. App'x 142, 144–45 (3d Cir. 2019) ....................... 8

**Statutes**

Federal Rule of Civil Procedure ("FRCP") 10(a) .......................................................................... 7

Plaintiff John Doe, by and through his attorneys, Daniel Szalkiewicz & Associates, P.C. respectfully submits this memorandum of law in support of his application for leave to proceed under a pseudonym in this matter.

## **PRELIMINARY STATEMENT**

Plaintiff brings this action after a former subordinate at work, JINGYUN WANG a/k/a VIVIAN WANG ("Vivian Jingyun Wang") and her husband, JIA LUN SHAO a/k/a ANDY SHAO ("Andy Jia Lun Shao" and, with Vivian Jingyun Wang, "Defendants") took issue with Vivian Jingyun Wang's employee review, blamed it on Plaintiff, and proceeded to engage in an anonymous defamation campaign against him in retaliation.  Over the course of several months, Defendants sent e-mails to close to a hundred individuals associated with Plaintiff's employer, his girlfriend, and members of major press firms.  The e-mails attributed a multitude of baseless improprieties to Plaintiff and were intended to cause his employer to terminate him, his girlfriend to break up with him, and the press to publish a story about Plaintiff's alleged "bad acts."  Ultimately, Plaintiff's employer conducted a thorough, zero-tolerance investigation into the allegations, a disinterested third party – Miss X – came forward to Plaintiff's employer about Defendants' malicious scheme, and though placed on leave during the investigation according to standard global firm policy, Plaintiff was reinstated.  Defendants never produced any of the evidence they claimed to possess and, once identified as the speakers through pre-action discovery, e-mailed Plaintiff and Miss X to claim they had fallen for bad intel to lay blame elsewhere.

Defendants' apology is too little, too late, and is nothing but a hollow attempt to evade liability after being caught.  Defendants uploaded their initial e-mail to social media where it was viewed by unknown quantities of people.  Their e-mails were sent to high-ranking officials at Plaintiff's place of employment.  Plaintiff missed out on numerous work opportunities while he was on leave as his employer investigated Defendants' baseless claims.

The Complaint details the numerous instances of harassment that were designed to cause Plaintiff maximum public embarrassment and humiliation and create trauma for Plaintiff.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of his identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendants require that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal his name, Defendants would accomplish their mission of destroying Plaintiff's professional and personal reputation forever. Given the resulting lack of prejudice to any defendant, this Court should grant Plaintiff's motion.

## **FACTUAL BACKGROUND**

For the sake of brevity, Plaintiff will not repeat the allegations of his Complaint; rather, he provides the following facts relevant to this application, and respectfully directs the Court to his filed Complaint for a full recitation of his claims.

Plaintiff and Defendant Vivian Jingyun Wang once worked at the same office. Defendant Vivian Jingyun Wang asked Plaintiff to represent her for her yearly employee review and, when she received a rating she considered "disappointingly fair" she blamed it on Plaintiff. In the months that followed, Defendant Vivian Jingyun Wang married Defendant Shao, moved to New Jersey, and the two relentlessly retaliated against Plaintiff by anonymously e-mailing close to a hundred individuals associated with his employer as well as his girlfriend and members of the press and uploading at least one e-mail onto social media.

Defendants' messages accuse Plaintiff of sexual improprieties at work, discussing confidential client information in inappropriate channels, bullying and harassing his victims, using and manipulating material nonpublic information for personal gain, raping women, and various

other reprehensible acts. Additionally, and at the same time, Defendants used anonymous e-mail accounts to relentlessly harass Plaintiff and their former friend – Miss X – who reported their nefarious scheme to Plaintiff's employer. Just as they did to Plaintiff, Defendants maligned Miss X to her significant other, internship, and school claiming she committed academic offenses, was defending her rapist, and had cheated on her boyfriend. In one e-mail Defendants even insinuated and boasted about being responsible for a car hitting her.

Pre-action discovery confirmed Defendants' responsibility for the communications and, subsequently, Defendants indicated they lacked evidence. Defendants' persistent and unbridled harassment demonstrates they will stop at nothing to inflict harm on Plaintiff and, if given the opportunity, will only use this docket as a means of furthering their abuse.

## ARGUMENT

While Federal Rule of Civil Procedure ("FRCP") 10(a) "generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings," New Jersey Court's "have recognized that a party may, under limited circumstances, proceed by way of pseudonym[.]" Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) (internal quotation marks and alteration omitted). In order to prevail on a motion to proceed under a pseudonym, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable[.]" Doe v. Megless, 654 F.3d 404 (3d Cir. 2011). Courts then "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." United States v. Janssen Therapeutics, 795 F. App'x 142, 144–45 (3d Cir. 2019).

The leading case for allowing a plaintiff to proceed as Doe is Doe v. Megless. The Third Circuit Court of Appeals provided a list of nine factors weighing both in favor of and against proceeding anonymously. Megless, 654 F.3d at 410 (citing Doe v. Provident Life and Acc. Ins.

Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)). Under the Megless test, the factors that weigh in favor of anonymity are:

>(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>Id. at 409 (internal quotation marks omitted).

Conversely, the Megless factors weighing against anonymity are:
>(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. (Id.).

There can be no doubt that the Megless factors weigh in favor of allowing Plaintiff to proceed as Doe.

First, this litigation was commenced as a John Doe action. While Plaintiff's pre-action discovery used his true name, Plaintiff refrained from revealing the totality of the statements made concerning and to him for fear of public exposure. While his intentional vagueness was sufficient for the purposes of pre-action discovery, it barely scraped the surface of the conduct undertaken by Defendants against him. Plaintiff's name is not known to the public at large and he leads a private life. Plaintiff fears that if he remains silent about Defendants' harassment, they will feel emboldened to commit further harms upon him.

Second, Plaintiff has a reasonable fear of severe harm. Fear of embarrassment or economic harm are insufficient bases on which to proceed anonymously; instead "a plaintiff must show both

(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Megless at 408. Plaintiff's fears over public disclosure of his identity in this litigation meet this standard. Plaintiff works in a competitive industry which is especially sensitive to allegations of sexual and professional improprieties even when they are wholly unsupported by evidence. Defendants have already taken advantage of this sensitivity, resulting in Plaintiff being placed on leave while his employer investigated Defendants' baseless claims. Because of Defendants' fondness for using anonymous e-mail addresses and fake names, there is nothing which prevents Defendants from continuing to make false claims about Plaintiff using some other identity in the future. Plaintiff has been emotionally destroyed and become hypervigilant about his online reputation, living with the constant fear Defendants will place more allegations online. Plaintiff spent his life building a stellar reputation, and Defendants had no qualms destroying it to serve their own interests. Plaintiff's emotional trauma resulting from Defendants harassment campaign cannot be understated. Plaintiff does not sleep and is overcome with fear that Defendants' false statements about him will forever overshadow the good work he has done. As a result, Plaintiff reasonably fears that public disclosure of his identity in connection with the facts of this case—and the inevitable accompanying questions dissecting his experience and public visibility—will exacerbate these severe negative mental and emotional experiences and further re-traumatize him. Finally, Plaintiff's fear is reasonable, and "exposing [his] identity poses the potential for severe harm that exceeds mere embarrassment[.]" Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019).

Third, there is a strong public interest in protecting Plaintiff's right to anonymity. "[c]ourts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization[.]" (Doe v Trishul Consultancy, LLC, 2019 US Dist LEXIS 169051 [DNJ Sep. 30,

2019, Civil Action No. 18-16468 (FLW)(ZNQ)]). Defendants' scheme was to publicize falsities about Plaintiff to an enormous audience of people. Providing Defendants with a public docket on which they could continue to broadcast prior falsities and likely new ones would only result in a revictimization of Plaintiff. Providing Defendants with an even broader audience to continue their illegal conduct would deter "other similarly situated litigants… from litigating claims that the public would like to have litigated[.]" Megless 654 F.3d at 410.

Fourth, there is no real public interest in disclosing Plaintiff's name. Plaintiff is a private citizen and not requesting the docket be sealed in its entirety. The public will still have the right to follow and access the proceedings.

Fifth, the Plaintiff runs the daily fear of being exposed online and without the protection of using a pseudonym, he may well be left with no choice but to not move forward with this case and be deprived of justice.

Sixth, Plaintiff has no illegitimate ulterior motives in requesting the ability to use Doe. Plaintiff did not engage in the behavior being described. Plaintiff's employer investigated Defendants' bogus claims and reinstated him. Defendants have even retracted their false claims – albeit privately. No greater good is served by giving Defendants' admitted lies more air than they have already been given.

Looking at the factors weighing against anonymity, the universal public interest in cases "exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym[.]" Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 551 (D.N.J. 2006). The second factor, "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[,]"

Megless, 654 F.3d at 409, does not apply here because Plaintiff is a private citizen and there is no strong interest in his identity. Finally, "the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated[,]" Id., also cuts in favor of this application, as no illegitimate motive can or will be identified for the actions that Plaintiff has taken in filing this lawsuit and seeking to do under the pseudonym John Doe.

Plaintiff should be permitted to continue to use a pseudonym as the balancing of the interests weighs in his favor.

Dated: October 18, 2024

        Respectfully submitted

        Daniel S. Szalkiewicz, Esq.
        **Daniel Szalkiewicz & Associates, P.C.**
        Daniel S. Szalkiewicz, Esq.
        23 West 73rd Street, Suite 102
        New York, New York 10023
        (212) 706-1007
        daniel@lawdss.com

        Attorneys for Plaintiff John Doe