**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Terry D. Johnson (026612004)
terry.johnson@morganlewis.com
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant Jingyun Wang a/k/a Vivian*
*Wang*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>JIA LUN SHAO a/k/a ANDY SHAO and JINGYUN WANG a/k/a VIVIAN WANG,<br><br>Defendants. | Civil Action No.: 2:24-cv-09972<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Motion Day: December 16, 2024**<br><br>*Document Electronically Filed* |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
## MOTION TO PROCEED UNDER PSEUDONYM

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT.........................................................................................................2

    A.    Applicable Standard .........................................................................................2

    B.    Plaintiff Has Failed To Establish A Basis To Proceed Under A
        Pseudonym .......................................................................................................5

        1.    Plaintiff has not made a threshold showing that: (1) he
               has a fear of actual severe harm, or (2) that his fear is
               reasonable.......................................................................................5

        2.    Plaintiff has failed to show the Megless factors weighing
               in favor of anonymity permit him to proceed under a
               pseudonym. .....................................................................................8

        3.    The Megless factors weighing against anonymity
               demonstrate Plaintiff has not established a basis proceed
               under a pseudonym. .......................................................................14

III.  CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Baran v. ASRC Fed., Mission Sols.*,
    401 F. Supp. 3d 471 (D.N.J. 2019), *aff'd sub nom. Baran v. ASRC/MSE*, 815 F.
    App'x 633 (3d Cir. 2020) ................................................................................11

*Doe v. C.A.R.S. Prot. Plus, Inc.*,
    527 F.3d 358 (3d Cir. 2008) ............................................................................3

*Doe v. Coll. of New Jersey*,
    No. CV1920674FLWZNQ, 2020 WL 360719 (D.N.J. Jan. 22, 2020), *aff'd*, No.
    CV 19-20674(FLW), 2020 WL 3604094 (D.N.J. July 2, 2020), *aff'd*, 997 F.3d
    489 (3d Cir. 2021).........................................................................................10

*Doe v. Felician Univ.*,
    No. 2:18-CV-13539-ES-SCM, 2019 WL 2135959 (D.N.J. May 15, 2019) ......12

*Doe v. First Advantage Background Servs. Corp.*,
    No. 23-647, 2024 WL 1194771 (D. Del. Mar. 20, 2024)....................................8

*Doe v. Hillsborough Twp. Bd. of Educ.*,
    No. CV 23-22597 (GC) (TJB), 2024 WL 4028293 (D.N.J. Aug. 30, 2024)
    .......................................................................................................passim

*Doe v. L. Offs. of Robert A. Schuerger Co.*,
    No. 17-13105, 2018 WL 4258155 (D.N.J. Sept. 6, 2018)...................................8

*Doe v. Megless*,
    654 F.3d 404 (3d Cir. 2011) ....................................................................passim

*Doe v. Temple Univ.*,
    No. 14-cv-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014) ........................13

*Doe v. Trishul Consultancy, LLC*,
    No. CV1816468FLWZNQ, 2019 WL 4750078 (D.N.J. Sept. 30, 2019)...........10

*Gilmore v. City of Paterson*,
    694 F. Supp. 3d 561 (D.N.J. 2023)..................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

*Homesite Ins. Co. of the Midwest v. Ewideh*,
  No. 22-1664, 2023 WL 426923 (M.D. Pa. Jan. 26, 2023) ....................................8

*HV Assocs. LLC v. PNC Bank, N.A.*,
  No. CV 17-8128 (SRC), 2018 WL 1731346 (D.N.J. Apr. 10, 2018)..................12

*In re Allergan BIOCELL Textured Breast Implant Prod. Liab. Litig.*,
  No. 19-2921, 2020 WL 4745558 (D.N.J. Aug. 17, 2020)....................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 10(a).............................................................................................2

L. Civ. R. 10.1(a) ...............................................................................................2

## I.    INTRODUCTION

Plaintiff's Motion to proceed under the pseudonym "John Doe" in this matter is factually and legally baseless.  As Plaintiff readily concedes in his Moving Brief, a plaintiff being permitted to litigate under a pseudonym is truly the exception, and not the rule.  In the United States, court proceedings are generally conducted in public with full knowledge and disclosure of the identities of the parties.  And that is for good reason.  In a publicly funded court system, the public has an absolute right to know exactly who is using the courts, and the relief that a plaintiff is seeking. In light of the public's compelling right to open judicial proceedings, it is only an exceptional case that may depart from this standard rule.  Under well-established precedent, the extraordinary relief of litigating using a pseudonym is only available upon a showing of a reasonable, evidence-based fear of severe harm to the plaintiff. Here, Plaintiff cannot come remotely close to making this very difficult showing.

Instead of providing evidence of actual severe harm, Plaintiff's Motion offers nothing more than rank speculation and conjecture to suggest that revealing his identity in this matter will somehow lead to:  (1) unidentified "stigma and severe harm" to his professional career and personal reputation if the public learns of the "traumatic and humiliating circumstances" he suffered due to the alleged defamatory actions of Defendants; and (2) Defendants potentially using the public docket to "dream up new false allegations about [him] in public filings."  But Plaintiff's

1

speculation and conjecture about supposed career and reputational harms that could

potentially occur in the future is not the type of reasonable fear of actual severe harm

Plaintiff must establish to obtain the extraordinary relief that he seeks.  Indeed, if

Plaintiff was able to proceed as "John Doe" merely because this case involves

alleged defamatory statements, then every single defamation case in federal court

would require the plaintiff to use a pseudonym.

In short, Plaintiff's Motion does not meet the legal standard required for him

to litigate this matter using a pseudonym.  Accordingly, and as set forth more fully

below, the Court should deny Plaintiff's Motion, and Order Plaintiff to amend his

Complaint to remove all references to "John Doe" and identify his full legal name.

## II.    ARGUMENT

### A.    Applicable Standard

In order to preserve the presumptively public nature of judicial proceedings,

Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to identify

themselves in their respective pleadings." *Doe v. Megless*, 654 F.3d 404, 408 (3d

Cir. 2011); *see also* L. Civ. R. 10.1(a) (requiring initial pleadings in civil cases to

"state in the first paragraph the street and post office address of each named party to

the case").  Identifying parties to the proceeding is a critical element of litigation, as

the people have a right to know who is using their courts. *Id.* (citing *Doe v. Blue

Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

2

Notwithstanding this requirement, courts have recognized that a party may proceed by way of pseudonym under extremely limited circumstances. *See, e.g., Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n*2 (3d Cir. 2008). As the U.S. Court of Appeals for the Third Circuit has noted, "[e]xamples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Megless*, 654 F.3d at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

Since "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings,'" the mere allegation a litigant may suffer embarrassment or economic harm will not suffice. *Megless*, 654 F.3d at 408. Instead, a litigant must establish "both: (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* If a litigant makes this threshold showing, courts must then determine whether the "litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Id.* In connection with that inquiry, the Third Circuit in *Megless*, endorsed a non-exclusive, nine-factor balancing test which weighs the competing interests in favor of anonymity against those that adhere to the traditional rule of openness. *Id.* (citing *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). The factors in favor of anonymity include:

3

(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68). On the other hand, the factors

disfavoring anonymity include:

(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 468).

It is clear that an analysis of the relevant factors demonstrates that Plaintiff

has not made the required showing of a reasonable fear of actual severe harm to

justify proceeding under the pseudonym "John Doe" in this action.

Accordingly, the Court should deny Plaintiff's Motion to Proceed Under

Pseudonym.

4

### B. Plaintiff Has Failed To Establish A Basis To Proceed Under A Pseudonym

#### 1. *Plaintiff has not made a threshold showing that: (1) he has a fear of actual severe harm, or (2) that his fear is reasonable.*

"As a threshold matter, the Court must first determine if Plaintiff has articulated a reasonable fear of severe harm from the public disclosure of his name, thus entitling him to the *Megless* equitable factor balancing test." *Doe v. Hillsborough Twp. Bd. of Educ.*, No. CV 23-22597 (GC) (TJB), 2024 WL 4028293, at *5 (D.N.J. Aug. 30, 2024) (citing *Strike 3 Holdings, LLC v. Doe*, No. 22-1919, 2023 WL 3749969, at *3 (D.N.J. June 1, 2023) (denying Plaintiff's motion to maintain Defendant's pseudonym identifier because it failed to satisfy the threshold showing of a reasonable fear of severe harm).

Here, Plaintiff does not make a threshold showing of fear of actual severe harm that is reasonable enough to warrant the court balancing the *Megless* factors in his favor. Instead, Plaintiff alleges in conclusory fashion that:

- "[Defendants] have caused me to be hypervigilant about any interactions with subordinates for fear that something will be misconstrued." *See* Dkt. No. 2-1, Plaintiff's Declaration in support of this motion ("Pl. Decl.") ¶ 12.[1]

- "I fear I will never be able to free myself from Defendants' [alleged] falsities." *Id.* ¶ 14.

---

[1] Defendant's Memorandum of Law references and relies upon the allegations of the Complaint for the sole purpose of opposing Plaintiff's Motion. In doing so, Defendants do not admit that any of Plaintiff's allegations are true.

- "It is baffling to me how two people can [allegedly] make such demonstrably false statements seemingly without any shame. Defendants' [alleged] disregard for the truth makes me immensely fearful of what they would be willing to put on a public docket just to upset me." *Id.* ¶ 23.

- "The stigma and severe harm that Plaintiff would face as a result of the public disclosure of his identity in conjunction with the traumatic and humiliating circumstances of the [alleged] harassment caused by Defendants require that Plaintiff be permitted to proceed anonymously." *See* Dkt. No. 2-2, Plaintiff's Moving Brief ("Pl. Mov. Br."), at 5.

- "Defendants' [alleged] persistent and unbridled harassment demonstrates they will stop at nothing to inflict harm on Plaintiff and, if given the opportunity, will only use this docket as a means of furthering their [alleged] abuse." *Id.* at 6.

- "As a result, Plaintiff reasonably fears that public disclosure of his identity in connection with the [alleged] facts of this case—and the inevitable accompanying questions dissecting his experience and public visibility—will exacerbate these severe negative mental and emotional experiences and further re-traumatize him." *Id.* at 8.

Despite offering these wholly conclusory allegations, however, Plaintiff does not allege a fear of **actual severe harm** that is reasonable. Here, Plaintiff's claims of severe harm are not really about any supposed risk of **actual severe harm** in the future to his professional career and/or personal reputation. Instead, according to Plaintiff, all of the alleged defamatory conduct by the Defendants has already happened, and has purportedly already resulted in broad public disclosure and irrevocable harm. Indeed, Plaintiff claims that Defendants' alleged defamatory conduct has already "forever tarnished" him, that he "will forever be followed by a

cloud of skepticism," and that he "will never be able to free [himself] from Defendants' falsities." Pl. Decl. ¶¶ 9, 14. These allegations do not establish any risk of **actual severe harm** in the future at issue here.

Given that Plaintiff's Complaint relates solely to alleged defamation and reputational harm that reportedly occurred in the past, and the Complaint is devoid of any real suggestion that Plaintiff must proceed as "John Doe" in this matter for fear of **actual severe harm** in the future, Defendant Jingyun Wang a/k/a Vivian Wang ("Defendant Wang") anticipates that Plaintiff will now argue on reply that there is a need to protect his professional and personal reputation from the possibility of further damage down the road. However, any such fear of future reputational harm is not reasonable, and is thus not a viable basis for Plaintiff to proceed under a pseudonym in this matter. In fact, the entire premise of Plaintiff's lawsuit is that the alleged defamatory statements made by Defendants were false. Indeed, according to Plaintiff, his "employer investigated Defendants' [allegedly] bogus claims," found that they were not true, "and reinstated him." Pl. Mov. Br. at 9. Stated differently, Plaintiff claims that he "endured and prevailed in an investigation into the allegations at work," and was able to keep his job because the allegations were false. Furthermore, Plaintiff even alleges that the Defendants themselves personally "retracted their false claims – albeit privately." *Id.* Given these allegations, there is simply no risk of **actual severe harm** in the future at issue in this matter.

Plaintiff's "fail[ure] to articulate a fear of harm from the public disclosure of his name that is both severe and reasonable" is, alone, sufficient for the Court to deny his Motion. *See Hillsborough Twp. Bd. of Educ.*, No. CV 23-22597 (GC) (TJB), 2024 WL 4028293, at *11; *see also In re Allergan BIOCELL Textured Breast Implant Prod. Liab. Litig.*, No. 19-2921, 2020 WL 4745558, at *2 (D.N.J. Aug. 17, 2020) (finding that Plaintiffs did not articulate a fear of severe harm necessary to justify balancing under the Megless factors); *see also Doe v. L. Offs. of Robert A. Schuerger Co.*, No. 17-13105, 2018 WL 4258155, at *2 (D.N.J. Sept. 6, 2018) (finding that "[a]t the threshold ... Plaintiff [did] not adequately alleg[e] a reasonable fear of severe harm); *see also Homesite Ins. Co. of the Midwest v. Ewideh*, No. 22-1664, 2023 WL 426923, at *3 (M.D. Pa. Jan. 26, 2023) (finding that defendants did not meet the threshold showing of reasonable fear of severe harm required to proceed anonymously); *see also Doe v. First Advantage Background Servs. Corp.*, No. 23-647, 2024 WL 1194771, at *1 (D. Del. Mar. 20, 2024) (finding that the Court needed not balance the *Megless* factors, because Plaintiff failed to make made the requisite showing of a reasonable fear of severe harm). Accordingly, the Court should deny Plaintiff's Motion to Proceed Under Pseudonym.

### 2.   *Plaintiff has failed to show the Megless factors weighing in favor of anonymity permit him to proceed under a pseudonym.*

The first *Megless* factor in favor of anonymity requires the Court to examine the extent to which the plaintiff's identity has been kept confidential. *Megless*, 654

F.3d at 409.  This factor is about what the plaintiff has done to keep his own identity confidential.

Here, on one hand, Plaintiff claims in his Moving Brief that "this litigation was commenced as a John Doe action." Pl. Mov. Br. at 7.  However, Plaintiff admits to commencing "pre-action discovery that used his true name" in a petition for disclosure against two global communications companies identified in the Complaint to obtain information about his alleged harassers.  *Id.*; *see also* Dkt. No. 1, Complaint ¶ 13.  Therefore, as a result of Plaintiff's own actions, Plaintiff's name is publicly and voluntarily on a docket related to his allegations in this case.  As a result, a simple internet search of the large corporations that Plaintiff identified in his Complaint along with Plaintiff counsel's name will readily reveal Plaintiff's identity.  It is clear that Plaintiff's own actions have not kept his identity confidential, and Plaintiff should not be permitted to now ask this Court to impose confidentiality.

As set forth in Section II.B.1 above, the required threshold examination essentially considers the second *Megless* factor, as same requires the Court to explore the "question of what harm is feared and whether that fear is reasonable." *See Hillsborough Twp. Bd. of Educ.*, No. CV 23-22597 (GC) (TJB), 2024 WL 4028293, at *5 (citing *Doe v. Pennsylvania Dep't of Corr.*, No. 19-1584, 2019 WL 5683437, at *2 n.11 (M.D. Pa. Nov. 1, 2019).  In other words, the second *Megless* factor asks what harm Plaintiff seeks to avoid, and is that fear reasonable.  Here,

Plaintiff claims that he was subjected to defamatory statements regarding sexual and professional improprieties, and that "exposing [his] identity poses the potential for severe harm that exceeds mere embarrassment." *See* Pl. Mov. Br. at 8 (citing *Doe v. Trishul Consultancy, LLC*, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019)).  But the case Plaintiff relies upon for this proposition is not applicable here.

In *Doe v. Trishul Consultancy, LLC*, "this Court found that disclosure of a victim of sexual assault's identity carried a concrete risk of severe emotional harm and revictimization[.]"  See *Doe v. Coll. of New Jersey*, No. CV1920674FLWZNQ, 2020 WL 360719, at *3 (D.N.J. Jan. 22, 2020), *aff'd*, No. CV 19-20674(FLW), 2020 WL 3604094 (D.N.J. July 2, 2020), *aff'd*, 997 F.3d 489 (3d Cir. 2021).  However, here, Plaintiff does not allege that he was a victim of sexual assault.  He only alleges the alleged past defamatory statements by Defendants "will exacerbate these severe negative mental and emotional experiences and further re-traumatize him." *See* Pl. Mov. Br. at 8.  But it is unclear how the public pursuit of this action would cause Plaintiff greater embarrassment or emotional distress.  At the end of the day, Plaintiff's claim that proceeding with his legal name will exacerbate his mental and emotional experiences is nothing more than speculation. *See Hillsborough Twp. Bd. of Educ.*, No. CV 23-22597 (GC) (TJB), 2024 WL 4028293, at *8 (where the court found that "Plaintiff's fear that disclosure of his identity will exacerbate his and

spouse's alleged anxiety, depression, and mental health issues is speculative and not reasonable."). In fact, this Court has held that a "Plaintiff's bald assertion that disclosure of his identity would exacerbate his . . . mental health issues, supported only by his own certification, is insufficient to establish a fear of reasonable severe harm to warrant anonymity." *Id.*

The third *Megless* factor requires the Court to consider "if this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Megless*, 654 F.3d at 410. Here, Plaintiff claims that publicizing his name on the docket would permit Defendants to "broadcast prior falsities [about Plaintiff] and likely new ones" to a broader audience and deter "other similarly situated litigants . . . from litigating claims that the public would like to have litigated[.]" *See* Pl. Mov. Br. at 9. However, Plaintiff presents no evidence that requiring Plaintiff to reveal his name will deter other similarly situated plaintiffs in defamation suits from suing in the future. Indeed, it is common for defamation lawsuits in the District of New Jersey to be litigated with the Plaintiff's actual name on the complaint. *See, e.g., Gilmore v. City of Paterson*, 694 F. Supp. 3d 561 (D.N.J. 2023) (plaintiff proceeding under legal name in action alleging defamation); *Baran v. ASRC Fed., Mission Sols.*, 401 F. Supp. 3d 471 (D.N.J. 2019), *aff'd sub nom. Baran v. ASRC/MSE*, 815 F. App'x

11

633 (3d Cir. 2020) (same); *HV Assocs. LLC v. PNC Bank, N.A.*, No. CV 17-8128 (SRC), 2018 WL 1731346 (D.N.J. Apr. 10, 2018) (same).

The fourth *Megless* factor requires the Court to consider whether there is an atypically weak public interest in knowing Plaintiff's identity given the purely legal nature of the issues presented. *See Doe v. Felician Univ.*, No. 2:18-CV-13539-ES-SCM, 2019 WL 2135959, at \*5 (D.N.J. May 15, 2019). "When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants." *Id.* Here, the issues presented in this case are not "purely legal," but instead heavily fact-based. This dispute concerns multiple alleged defamatory actions by Defendants over an extended period time, actions that allegedly involved many of Plaintiff's co-workers and numerous other individuals outside the workplace. The fact-sensitive analysis that will be required for the Court to decide this matter makes clear that this is not a purely legal matter, and the fourth *Megless* factor does not apply here. *See Id.* (finding the fourth factor does not apply because the plaintiff's claim was fact-sensitive).

The fifth *Megless* factor requires the Court to consider whether the claim will be litigated on the merits or whether the plaintiff being required to disclose his name force the plaintiff to sacrifice a potentially valid claim simply to preserve his anonymity. Here, Plaintiff claims that if he is forced to reveal his name "he *may well* be left with no choice but to not move forward with this case and be deprived

12

of justice." *See* Pl. Mov. Br. at 9 (emphasis added); *see also* Pl. Decl. at ¶ 18.

Plaintiff's qualified statement that he "may well" not proceed with this matter

certainly leaves open the possibility that he will continue this lawsuit if he is ordered

to disclose his legal name. Therefore, the Court cannot automatically presume

Plaintiff will dismiss this action if his Motion is denied. Nevertheless, even if

Plaintiff had represented that he would definitely withdraw this action if the Court

denied his Motion and ordered him to file an Amended Complaint using his legal

name, that fact alone cannot serve as the basis of granting Plaintiff's Motion. As the

Third Circuit has explained, "a plaintiff's stubborn refusal to litigate openly by itself

cannot outweigh the public's interest in open trials." *Megless*, 654 F.3d at 411; *see*

*also Doe v. Temple Univ.*, No. 14-cv-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept.

3, 2014) ("[N]o matter how sincere, a plaintiff's refusal to litigate openly by itself

cannot outweigh the public's interest in open trials."). Based on the foregoing, this

fifth factor weighs against the Court granting Plaintiff's Motion.

The sixth *Megless* factor requires the Court to consider whether the plaintiff

is seeking to use a pseudonym for nefarious reasons. Here, Plaintiff self-servingly

claims in a conclusory fashion that he has no illegitimate motives in seeking to

proceed anonymously. Pl. Mov. Br. at 9. However, Plaintiff's arguments in support

of his Motion demonstrate that Plaintiff really seeks anonymity in this matter as part

of his retaliatory effort to personally attack and publicly shame the named

13

Defendants without disclosing his own name.  Plaintiff's purely vindictive motives in bringing this action are clear as he readily acknowledges the Defendants have essentially retracted any alleged defamatory statements by reportedly apologizing to him.  *See* Pl. Mov. Br. at 9.  Yet, Plaintiff wholly disregards Defendants' alleged apology, and dismissively characterizes the apology as "too little too late," and presses forward with this action.  *Id.* at 4.  This reveals an illegitimate, retaliatory ulterior motive on Plaintiff's behalf.

> **3.    *The Megless factors weighing against anonymity demonstrate Plaintiff has not established a basis proceed under a pseudonym.***

As discussed above, Plaintiff has failed to demonstrate that the six *Megless* factors that weigh in favor of anonymity support the Court granting Plaintiff's Motion.  Plaintiff fares no better when it comes to the three *Megless* factors that weigh against anonymity.  The seventh *Megless* factor requires the Court to consider whether there is the universal public interest in access to the identities of the parties to a litigation.  As the Third Circuit has explained, "[w]e must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411.  This consideration weighs heavily in favor of denial of Plaintiff's Motion and disclosure of his identity.

The eighth *Megless* factor requires the Court to consider whether the subject of the litigation heightens the public's interest.  At best, this factor is neutral for

Plaintiff.  Defendants do not claim that the public interest in Plaintiff's identity is any stronger, nor any weaker, than in any other matter.  Accordingly, this factor neither militates against, nor favors, the Court granting Plaintiff's Motion.

Finally, the ninth *Megless* factor requires the court to consider whether the opposition to a motion to litigate under a pseudonym is illegitimately motivated. Here, Defendant Wang's opposition to Plaintiff's Motion is strictly based on fundamental fairness and the rule of law.  Moreover, Defendant Wang notes that her opposition to Plaintiff's Motion imposes no further harm on Plaintiff because, in reality, Plaintiff's identity is already known to the Defendants, and to all the alleged "former colleagues and peers[,]" "co-workers around the world, competitors, and clients" who supposedly heard rumors about the allegations in the Complaint.  *See* Complaint ¶¶ 6-7.  Furthermore, the Complaint in this matter has been pending for more than a month, and Plaintiff does not – because he cannot – allege that the Defendants have engaged in any further alleged defamatory conduct which he claims to fear.  In short, there is neither evidence, nor any logical basis for Plaintiff's claim that the opposition to his Motion is illegitimately motivated.  Accordingly, this factor militates against allowing plaintiff to proceed under the pseudonym "John Doe."

15

III.   **CONCLUSION**

For the foregoing reasons, Defendant Wang respectfully requests that this

Court deny Plaintiff's Motion to Proceed Under Pseudonym, and Order Plaintiff to

amend his Complaint to remove all references to "John Doe" and identify his full

legal name.

                                              Respectfully submitted,

                                              **MORGAN, LEWIS & BOCKIUS LLP**

Dated:  December 2, 2024                       */s/ Terry D. Johnson*
                                              Terry D. Johnson
                                              502 Carnegie Center
                                              Princeton, New Jersey 08540-7814
                                              Phone: (609) 919-6600
                                              Fax: (609) 919-6701
                                              terry.johnson@morganlewis.com
                                              *Attorneys for Defendant Jingyun Wang a/k/a*
                                              *Vivian Wang*