# Morgan Lewis

**Terry D. Johnson**
Partner
+1.609.919.6689
terry.johnson@morganlewis.com

January 6, 2025

**VIA ECF**

Honorable Cathy L. Waldor, U.S.M.J.
Martin Luther King Jr. Courthouse
50 Walnut St.
Room 4040, Courtroom 4C
Newark, NJ 07101

Re:   *Doe v. Shao et al.*
      Civil Action No. 2:24-cv-09972-BRM-CLW

Dear Judge Waldor:

We represent Defendant Vivian Wang ("Defendant Wang") in the above-referenced matter. We respectfully write to raise concerns regarding the Reply Brief (Dkt No. 24) and Declaration in support (Dkt. No. 24-1) that Plaintiff John Doe ("Plaintiff") filed on December 30, 2024. The Reply Brief and Declaration clearly violate established precedent regarding the permissible scope of reply briefs, and many of the new "facts" and arguments presented therein should be wholly disregarded by the Court in deciding the pending Motion for Protective Order (Dkt No. 2).

For example, Plaintiff's Reply Brief references an alleged Bloomberg reporter contacting Plaintiff shortly after the Complaint in this matter was filed on October 21, 2024, purportedly to request information after allegedly receiving Plaintiff's name from Defendant Wang. However, if true, Plaintiff knew about this reported contact from a reporter for some time, and never amended his Complaint or Motion to add that alleged information. Yet, Plaintiff relies upon this "fact" in support of his Reply Brief. In addition, Plaintiff's self-serving Declaration used to bolster his Reply Brief includes new "facts" that are not referenced in the Complaint, Plaintiff's Moving Brief (Dkt No. 1-2) and supporting Declaration (Dkt No. 1-1), or in the arguments raised by Defendant Wang in her Opposition Brief (Dkt No. 17). These new "facts" should also be disregarded. For instance, the Declaration includes references to alleged "heinous allegations" and "heinous statements" Plaintiff omitted from his previous filings for fear of these allegations and statements supposedly being associated with his name (although his name is not referenced in the previous filings). It is well-settled that courts in this District have consistently rejected attempts by moving parties to use a reply brief to litigate by surprise with new, previously undisclosed allegations. *See D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 208 (D.N.J. 2012) (Courts have held that "a moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.").

Morgan, Lewis & Bockius LLP

502 Carnegie Center
Princeton, NJ  08540-6241          T +1.609.919.6600
United States                      F +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Michelle Silverman, Partner-in-Charge

Honorable Cathy L. Waldor, U.S.M.J.
January 6, 2025
Page **2** of **2**

Based on the foregoing, Defendant respectfully requests the Court to disregard all references to new information or arguments in Plaintiff's Reply Brief that were not previously presented in the Complaint, Plaintiff's Moving Brief, the Declaration in support of the Moving Brief or in Defendant's Opposition Brief. In the alternative, should the Court consider this new information and arguments raised in Plaintiff's Reply Brief, Defendant Wang respectfully requests the Court to permit Defendant Wang leave to file a sur-reply (not to exceed 10-pages) within seven (7) days to address Plaintiff's new information and arguments.

We greatly appreciate the Court's time and consideration regarding this request.

Respectfully submitted,

*/s/ Terry D. Johnson*
Terry D. Johnson


cc: All counsel of record via ECF