# Morgan Lewis

**Terry D. Johnson**
Partner
+1.609.919.6689
terry.johnson@morganlewis.com

January 17, 2025

**VIA ECF**

Honorable Cathy L. Waldor, U.S.M.J.
Martin Luther King Jr. Courthouse
50 Walnut St.
Room 4040, Courtroom 4C
Newark, NJ 07101

Re:   *Doe v. Shao et al.*
      Civil Action No. 2:24-cv-09972-BRM-CLW

Dear Judge Waldor:

We represent Defendant Vivian Wang ("Defendant Wang") in the above-referenced matter. Please accept this letter brief in lieu of a more formal memorandum of law. We submit this sur-reply in accordance with the Court's January 7, 2025 Order (Dkt No. 27) ("January 7th Order"), permitting Defendant Wang to submit a sur-reply in response to Plaintiff John Doe's Reply Brief in further support of his Motion for Protective Order. As the Court is aware, Plaintiff's Motion requests permission for Plaintiff to proceed in this matter under the alias "John Doe." The January 7th Order permits Defendant Wang to address the various factual allegations and arguments raised by

Morgan, Lewis & Bockius LLP

502 Carnegie Center
Princeton, NJ  08540-6241      T +1.609.919.6600
United States                   F +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Michelle Silverman, Partner-in-Charge

Honorable Cathy L. Waldor, U.S.M.J.
January 17, 2025
Page **2** of **6**

Plaintiff for the first time in his Reply Brief. As discussed below, even considering Plaintiff's new allegations and arguments, Plaintiff's 30-page Reply Brief still fails to come remotely close to establishing that Plaintiff has evidence of the required reasonable fear of actual severe harm in the future for the Court to allow him to proceed under an alias in this matter.

To be sure, Plaintiff's Reply Brief suffers from the same factual and legal deficiencies as his Complaint and the moving papers in support of the John Doe motion. Plaintiff cannot establish a reasonable fear of actual severe harm in the future that requires the court to take the truly extraordinary step of protecting his actual name from public disclosure. Plaintiff claims that his fears are reasonable because: (1) Defendants have allegedly "historically made and carried out threats related to him "potential[ly] [] being unfairly terminated based on his employer's fear of publicity and/or public perception; (2) Defendants allegedly hoped that Plaintiff's employer would terminate him, based on the employer's reputational fears; and (3) Defendant Wang's alleged disclosure of Plaintiff's identity to a Bloomberg reporter after the Complaint was filed. *See* Dkt No. 24, at pp. 9-10.

Honorable Cathy L. Waldor, U.S.M.J.
January 17, 2025
Page **3** of **6**

However, Plaintiff's alleged fears are far from reasonable, as the severe future harm he is alleging that he needs the Court to protect him from, are in reality not supposed threats of future harm at all.  All of the harm Plaintiff alleges is conduct he claims to have suffered from in the past.  As an initial matter, with regard to Plaintiff's alleged fear of his future job security or being terminated by his current employer are unfounded, and, quite frankly, not reasonable.  Plaintiff by his own admission in the Complaint, stated that his "employer investigated Defendants' [allegedly] bogus claims," found that they were not true, "and reinstated him." Pl. Mov. Br. at 9.  Therefore, any claims of fear of actual severe harm related to his employment are simply not reasonable.  Moreover, even if Plaintiff could potentially lose his job, that would not be enough.  As the Third Circuit explained in *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), "[t]hat a plaintiff may suffer embarrassment or economic harm is not enough[,]" to show actual severe harm in the future.  *See also Doe v. Univ. of Pennsylvania*, No. 23-1613, 2024 WL 2575702, at *2 (3d Cir. May 24, 2024) (affirming the district court's decision to deny plaintiff's request to proceed anonymously where plaintiff claimed economic harm and embarrassment as an example of severe harm in the future).

Honorable Cathy L. Waldor, U.S.M.J.
January 17, 2025
Page **4** of **6**

  The arguments that Plaintiff makes in his Reply Brief regarding economic harm in and of itself being sufficient for a plaintiff to proceed under an alias are not supported by the facts or the law. For instance, Plaintiff cites a Ninth Circuit case, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000), to support his assertion that his supposed fear of economic severe harm is reasonable because "[f]ederal courts have held that relevant to the inquiry of severity are injuries inflicted by third parties and prospective economic harm." *See* Dkt No. 24, at p. 9. While it may be true that federal courts in the Ninth Circuit have held that prospective economic harm may be sufficient to permit anonymity in exceptional cases, that is simply not the law in the Third Circuit. *See Doe v. Coll. of New Jersey*, 997 F.3d 489, 497 n*6 (affirming that in the Third Circuit, "we have held that it is "not enough" that "a plaintiff may suffer embarrassment or economic harm[.]" (citation omitted)). In fact, the Court in *Coll. of New Jersey*, specifically rejected the plaintiff's assertion that "harassment and ridicule along with other economical and reputational harm" is sufficient to permit anonymity[,]" citing *Advanced Textile Corp.* as Ninth Circuit precedent, but not the law of the Third Circuit.

Honorable Cathy L. Waldor, U.S.M.J.
January 17, 2025
Page **5** of **6**

Therefore, Plaintiff's allegations of severe harm in the future related to his speculative "potential" termination are without support in fact or law.

Next, Plaintiff alleged for the first time in the Reply Brief that Defendant Wang allegedly provided his name to a Bloomberg reporter as evidence of her "nefarious intentions" to harm him. Plaintiff's argument fails for the same reasons – there is no reasonable fear that Defendant Wang is actively attempting to defame or otherwise harm Plaintiff by taking to a Bloomberg reporter or any other press during this litigation. This matter has been pending for more than two months. And Plaintiff's Reply Brief does not – because he cannot – direct the Court to a single article published in that time where Plaintiff is the actual or suspected source of disparaging or other harmful information about the Plaintiff. Moreover, Plaintiff fails to show how – even if true – providing the name of an alleged accuser to a neutral third-party that reached out to Defendants to request it is evidence of a nefarious intention or how that establishes a reasonable fear of severe harm in the future. In fact, by Plaintiff's own admission, he has suffered no harm by this alleged action of Defendants.

Based on the foregoing, Defendant Wang respectfully requests the Court to deny Plaintiff's Motion for Protective Order.

Honorable Cathy L. Waldor, U.S.M.J.
January 17, 2025
Page **6** of **6**

                                    Respectfully submitted,

                                    **MORGAN, LEWIS & BOCKIUS LLP**

Dated:  January 17, 2025         */s/ Terry D. Johnson*
Terry D. Johnson
Carlyle W. Edwards-Balfour
502 Carnegie Center
Princeton, New Jersey 08540-7814
Phone: (609) 919-6600
Fax: (609) 919-6701
terry.johnson@morganlewis.com
carlyle.edwards-balfour@morganlewis.com

*Attorneys for Defendant Jingyun Wang a/k/a Vivian Wang*

cc: All counsel of record via ECF