UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,** <br><br> **Plaintiff,** <br><br> JIA LUN SHAO, and JINGYUN WANG, <br><br> **Defendants.** | Civil Action No. 24-9972 (BRM) (CLW) <br><br> **OPINION AND ORDER** |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Plaintiff's motion for leave to proceed via pseudonym. (ECF No. 2). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves this application without oral argument. Upon careful consideration of the parties' submissions, (ECF Nos. 2, 17, 24, 28), as well as the balance of the record for this matter, and for good cause shown, and for the reasons discussed herein, Plaintiff's motion is **DENIED**.

I.    **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that Defendant Vivian Jingyun Wang, a colleague who previously worked with Plaintiff in Hong Kong, and Defendant Andy Lun Shao (Wang's husband), (Compl. ¶¶ 15-17, ECF No. 1), "engaged in a months-long campaign to destroy Plaintiff's reputation and cause his professional and personal ruin." (*Id.* ¶ 17). Plaintiff alleges that Defendant Wang "blamed Plaintiff for not reciprocating her romantic feelings, for not showing her favoritism at work, and for her getting what she viewed as a 'disappointingly fair' performance rating", and that she thereafter sought revenge. (*Id.* ¶ 15). Defendants allegedly sent an anonymous e-mail on December 20, 2023 to "no fewer than 59 members of [Plaintiff's] employer around the world" accusing Plaintiff of multiple types of misconduct, including sexual assault, sexual harassment, bullying, disclosing

his employer's confidential information, marital infidelity, and promoting racial discrimination. (*Id.* ¶ 3). Defendants also allegedly posted that message, along with a copy of Plaintiff's LinkedIn profile, on a social media site, (*id.* ¶ 5), and later sent e-mails to Plaintiff's girlfriend, senior management and human resources officials at Plaintiff's company, and dozens of members of the press in further attempts to damage Plaintiff's career. (*Id.* ¶¶ 9, 11).

Plaintiff's employer placed him on administrative leave while it conducted a "month-long, thorough, and zero-tolerance investigation", (*id.* ¶¶ 10, 12), before ultimately reinstating him. (*Id.* ¶ 12). While he retained his job, the "damage to [his] reputation and career prospects had already been done and was far beyond repair", (*id.*), because "Defendants' callous, self-serving, and entirely false allegations about Plaintiff have reverberated through the office and Plaintiff's industry, causing him devastating, worldwide personal and professional reputational harm that is irreversible, as well as severe, ongoing emotional distress." (*Id.* ¶ 26). Based on those allegations, Plaintiff filed a Complaint asserting claims for defamation, tortious interference with contract/prospective economic advantage, and related causes of action. (*Id.* ¶¶ 161-209).

When commencing this case, Plaintiff identified himself using the pseudonym "John Doe" in lieu of his real name. (*Generally id.*). He simultaneously filed a motion for leave to preserve his anonymity and proceed via pseudonym for the duration of the litigation. (ECF No. 2). That application is now fully briefed and ripe for resolution.

## II. LEGAL DISCUSSION

### a. Legal Standard

"Federal Rule of Civil Procedure 10 requires plaintiffs to identify their real names in the Complaint." *Doe v. Hillsborough Twp. Bd. of Educ.*, No. CV 23-22597 (GC) (TJB), 2024 WL 4028293, at *4 (D.N.J. Aug. 30, 2024); *accord In re Allergan BIOCELL Textured Breast Implant*

*Prods. Liab. Litig.*, No. 19-MD-2921 (BRM) (JAD), 2020 WL 4745558 at *1 (D.N.J. Aug. 17, 2020) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). As the United States Court of Appeals for the Third Circuit explained in *Doe v. Megless*, "'[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'" 654 F.3d at 408 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

The Third Circuit has nevertheless acknowledged that anonymity may be appropriate in "exceptional cases" where a litigant shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). While courts must exercise their sound discretion when determining whether a potential harm is sufficiently "severe" to justify protection, a litigant's fear of "embarrassment or economic harm is not enough." *Id.* If a litigant establishes a reasonable fear of severe harm, the court must then "balance [the litigant's] interest and fear against the public's strong interest in the open litigation process", *id.*, using the nine-factor test that the Third Circuit adopted in *Megless*. *Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *5. The first six *Megless* factors weigh in favor of maintaining anonymity, and include:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified;

3

> and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Megless*, 654 F.3d at 408 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). The final three factors, which "disfavor[] anonymity", are:

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68). The *Megless* factors are non-exhaustive, and courts should consider them, "along with any others that appear pertinent in the context of a particular case." *In re Allergan BIOCELL Textured Breast Implant Prods. Liab. Litig.*, 2020 WL 4745558 at *2; *accord Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *5 ("The Third Circuit in *Megless* emphasized that the nine factors are non-exhaustive and directed courts to consider the facts and particular circumstances of each case in determining whether to grant a request to proceed under a pseudonym.").

### b. **Plaintiff Has Not Demonstrated a Reasonable Fear of Severe Harm**

"As a threshold matter, the Court must first determine if Plaintiff has articulated a reasonable fear of severe harm from the public disclosure of his name, thus entitling him to the *Megless* equitable factor balancing test." *Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *5. The Court finds that he has not.

Plaintiff focuses much of his "severe harm" discussion on recounting Defendants' alleged past conduct that forms the basis for his claims in this case, (Pl. Br. at 8, ECF No. 2-2; Reply Br. at 8-15, ECF No. 24), and articulates three primary sources of potential harm going forward: (1) the danger that, given their history, Defendants may use anonymous email addresses or fake names

4

to make false claims about Plaintiff in the future or otherwise engage in "scorched earth" tactics intended to hurt Plaintiff and those affiliated with him; (Pl. Br. at 5, ECF No. 2-2; Reply Br. at 8-9, ECF No. 24); (2) the danger that "public disclosure of his identity in connection with the facts of this case" will cause him further emotional distress; (Pl. Br. at 5, ECF No. 2-2); and (3) the danger that Defendants may weaponize the docket to "broadcast their lies" and either "intimidate him into walking away from the case" or use their "offensive but baseless claims" to "jeopardize[] Plaintiff's continued employment as well as his personal and professional relationships." (Reply Br. at 8-9, ECF No. 24).

    As to Plaintiff's first concern – the idea that Defendants may engage in a new campaign intended to defame or intimidate him – that fear is unrelated to his anonymity in this case. Defendants already know Plaintiff's identity and, if they are inclined to use the sort of "scorched earth" tactics he describes, Plaintiff's use of a pseudonym in this litigation will not prevent that. Regarding Plaintiff's second fear - that tying his identity to the facts of this case in a public forum may cause him emotional harm – the Court notes Plaintiff's own allegations that Defendants have already widely publicized those facts to Plaintiff's employer and to the public at large (e.g., posting a copy of their accusations on social media along with a copy of Plaintiff's LinkedIn profile; sending their accusations to various news outlets). (Compl. ¶¶ 5, 11, ECF No. 1). Plaintiff does not articulate why revisiting the same accusations here, where he has the opportunity to confront and debunk them directly with evidence of his own, might cause him additional harm that goes beyond the sort of embarrassment the Third Circuit has found insufficient to justify anonymity. *Megless*, 654 F.3d at 408. Plaintiff's third concern is that Defendants may use the public docket to make new, false statements intended to wrongfully coerce Plaintiff to drop this lawsuit or to damage his employment prospects or interpersonal relationships. Similar misconduct is possible

5

in every case, and the exception would swallow the rule if the mere possibility of such misbehavior could support the use of a pseudonym. Moreover, multiple safeguards are in place to prevent such abuses. Defendants are bound by Federal Rule of Civil Procedure 11(b), which prohibits litigants, and their counsel, from presenting such statements to the Court. Rule 11(c) empowers the Court to sanction any such activities, and it does not and will not hesitate to do so when appropriate. Finally, defense counsel has separate ethical obligations regarding such conduct. In light of the foregoing, the Court does not find that Plaintiff's third concern presents a reasonable fear of severe harm.

In sum, the Court finds that Plaintiff has not articulated a reasonable fear that he would suffer severe harm if forced to litigate this matter using his real name. As he has not met that threshold burden, the Court must deny his motion to proceed pseudonymously without considering the *Megless* factors. *Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *5. In making this determination, the Court does not intend to diminish Plaintiff's allegations or the harm he claims to have suffered as a result. Nor does it take any position on the merits of Plaintiff's claims. Rather, the Court has found, based on its careful consideration of the Complaint and the motion record, that Plaintiff has not established how using his real name in this litigation would subject him to any "severe harm" separate from that he has already allegedly endured as a result of Defendants' past actions.

### III. CONCLUSION

Based on the foregoing, it is on this 28th day of March, 2025,

**ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym, (ECF No. 2), is **DENIED**; and it is further

**ORDERED** that, on or before April 4, 2025 Plaintiff shall file an Amended Complaint in which he includes his full name in the caption and replaces references to "John Doe" or "Doe" throughout; and it is further

**ORDERED** that going forward, Plaintiff shall use his real name in this litigation, rather than the "John Doe" pseudonym.

<u>s/Cathy L. Waldor</u>
**Hon. Cathy L. Waldor**
**United States Magistrate Judge**

cc:   Hon. Brian R. Martinotti, U.S.D.J.