# Morgan Lewis

**Terry D. Johnson**
Partner
+1.609.919.6689
terry.johnson@morganlewis.com

April 8, 2025

**VIA ECF**

Honorable Cathy L. Waldor, U.S.M.J.
Martin Luther King Jr. Courthouse
50 Walnut St.
Room 4040, Courtroom 4C
Newark, NJ 07101

Re:   *Kueh v. Shao et al.*
      Civil Action No. 2:24-cv-09972-BRM-CLW

Dear Judge Waldor:

We represent Defendant Vivian Wang ("Defendant Wang") in the above-referenced matter. We respectfully write to raise concerns regarding Plaintiff's First Amended Complaint, filed on April 4, 2025 (Dkt No. 38).

First, Plaintiff's leave to file an amended complaint, per the Court's Order dated March 28, 2025, was for the limited purpose of including Plaintiff's real name in the caption, and replacing all references to "John Doe" or "Doe" throughout (Dkt No. 37). However, Plaintiff, without leave of Court filed a First Amended Complaint that includes additional facts, and an entirely new claim for intentional infliction of emotional distress. Defendant Wang objects to Plaintiff filing these new facts and claim in his amended complaint without leave of Court, particularly where Plaintiff's opportunity to file an amended complaint as of right has expired. Defendant Wang filed her Answer to the Complaint on February 25, 2025. Therefore, Plaintiff's time to file an amended complaint as of right expired on March 18, 2025. *See* FRCP 15(a)(1)(B). There is nothing in the Court's March 28, 2025 Order that permits Plaintiff to file an amended complaint beyond the limited purpose ordered by the Court.

Accordingly, Defendant Wang respectfully requests the Court to Order Plaintiff to re-file an amended complaint in accordance with the Court's March 28, 2025 Order, for the limited purpose of including Plaintiff's real name in the caption and replacing all references to "John Doe" or "Doe" to his real name throughout. If Plaintiff wishes to amend his Complaint to add new facts and claims, he should be should be required to seek leave of Court pursuant to the Federal Rules of Civil Procedure since the time to amend as of right has expired.

Second, in addition to the above, Defendant Wang notes that Plaintiff's First Amended Complaint is deficient because it does not comply with Local Civil Rule 15.1 (b)(2), which requires that:

Honorable Cathy L. Waldor, U.S.M.J.
April 8, 2025
Page **2** of **2**

> "a party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file…(2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added."

Here, Plaintiff did not provide the Court and the parties with a copy of the amended pleading expressly indicating, as the Local Rule requires, what changes were made in the 227-paragraph amended filing.  Therefore, Defendant Wang requests that Plaintiff, in accordance with Local Civil Rule 15.1 (b)(2), provide a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends.

Based on the foregoing, Defendant respectfully requests the Court to: (1) disregard Plaintiff's First Amended Complaint, and order Plaintiff to file an amended complaint in accordance with the Court's March 28, 20205 Order, and (2) Order that, if Plaintiff is going to file a First Amended Complaint, it be in compliance with Local Civil Rule 15.1 (b)(2).

We greatly appreciate the Court's time and consideration regarding these requests.

Respectfully submitted,

*/s/ Terry D. Johnson*
Terry D. Johnson


cc: All counsel of record via ECF