**VERIDIAN LEGAL**

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
www.veridianlegal.com

April 8, 2025

**Via ECF**
Honorable Cathy L. Waldor, U.S.M.J.
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, NJ 07101

*Re:  Doe v. Shao et al.*
*Civil Action No. 2:24-cv-09972-BRM-CLW*

Dear Judge Waldor:

Please allow this letter to serve as response to Defendant Wang's correspondence from earlier today, which took issue with Plaintiff's First Amended Complaint. Initially, this Court's March 28, 2025 decision ordered Plaintiff to file an Amended Complaint in which Plaintiff's name was included. Importantly, the Court did not limit the changes to only those amendments, instead specifying that an amended complaint needed to be filed and such changes should be included in it. Second, Defendant Wang rightly points out the need for a redlined First Amended Complaint, which Plaintiff has since uploaded onto the docket.

Plaintiff reasonably believed his amendments were made pursuant to court directive, however if that was not the Court's intention, Plaintiff respectfully requests leave to re-file his First Amended Complaint. Pursuant to F.R.C.P. 15(a)(2), "[t]he court should freely give leave when justice so requires." "To ensure that claims will be decided on the merits rather than on technicalities, the Third Circuit has shown a strong liberality in allowing amendments under Rule 15." <u>Bonds v. NJ Judiciary Admin. of the Court</u>, Civil Action No. 19-18983 (GC)(TJB), 2024 U.S. Dist. LEXIS 84358, at *17 (D.N.J. May 9, 2024.). "Pursuant to the factors set out in *Foman v. Davis*, leave to amend must be granted in the absence of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. <u>Id.</u> Finally, "'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" <u>Id.</u>

Here, there has been no undue delay and no bad faith or dilatory motive. Plaintiff was directed to amend his complaint to reveal his true name and has done so. As the additional facts took place after the filing of the initial pleadings, Plaintiff could not have included them in his first Complaint. More so, they serve as yet another act of harassment in the campaign of emotional distress Defendants have been intentionally inflicting upon Plaintiff. Accordingly, because the statute of limitations has not yet run and Defendants were certainly well aware of their actions when they interacted with the reporter, there will be no prejudice to them. Finally, the amendment is not facially deficient. Plaintiff has properly stated a cause of action for intentional infliction of



April 8, 2025
Page 2

emotional distress and has included facts to support it, including but not limited to Defendants relentlessly messaging his employer, colleagues, members of the press, girlfriend, and superiors with false allegations; harassing and stalking Plaintiff and a friend and potentially even causing physical injury to that friend; and, finally, attempting to further inflict reputational harm upon a then-anonymously captioned Plaintiff by naming him to a reporter.

To the extent Plaintiff's amendment exceeded this Court's directive, Plaintiff's counsel respectfully apologizes for our interpretation of the decision and requests leave to re-file the First Amended Complaint.

Respectfully submitted,

By: Daniel S. Szalkiewicz, Esq.
*daniel@veridianlegal.com*

Veridian Legal P.C.