**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Terry D. Johnson (026612004)
Carlyle W. Edwards-Balfour (242972017)
terry.johnson@morganlewis.com
carlyle.edwards-balfour@morganlewis.com
Phone: (609) 919-6600
Fax: (609) 919-6701

*Attorneys for Defendant Jingyun Wang a/k/a Vivian Wang*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL KUEH,<br><br>Plaintiff,<br><br>v.<br><br>JIA LUN SHAO a/k/a ANDY SHAO and JINGYUN WANG a/k/a VIVIAN WANG,<br><br>Defendants. | Civil Action No.: 2:24-cv-09972-BRM-CLW<br><br>**DEFENDANT JINGYUN WANG A/K/A VIVIAN WANG'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>*Document Electronically Filed* |

Defendant Jingyun Wang a/k/a Vivian Wang ("Ms. Wang" or "Defendant"),

by and through their counsel, Morgan Lewis & Bockius LLP, hereby answer the

allegations in the First Amended Complaint ("FAC") of Plaintiff Russell Kueh's ("Plaintiff") in accordance with the numbered paragraphs thereof,[1] as follows:

## PRELIMINARY STATEMENT

1.    Defendant admits only that Plaintiff is an Executive Director at a global financial institution headquartered in the United States of America. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

3.    Defendant admits only that she was made aware of an alleged email regarding Plaintiff after a co-worker sent her a screenshot of the email, and later she was contacted by Plaintiff's employer to participate as a potential witness related to the employer's internal investigation of concerns raised about Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 3 of the FAC.

---

[1]    The headings of Defendant's Answer repeat those used in the FAC for ease of reference only.  Defendant does not admit any allegations or inferences of unlawful conduct contained in the headings.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

10.     Defendant admits only that she was made aware that Plaintiff's employer initiated an internal investigation related to Plaintiff, as she was contacted

3

by Plaintiff's employer as a potential witness.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

14.    Defendant admits only that she is married to Defendant Jia Lun Shao a/k/a Andy Shao.  Defendant denies the remaining allegations contained in Paragraph 14 of the FAC.

15.    Defendant admits only that she is an Investment Banking Associate in the United States office of Plaintiff's employer, and was previously supervised by Plaintiff in Hong Kong in or about 2023.  Defendant also admits that she attempted

4

to maintain a cordial and professional relationship with Plaintiff. Defendant denies the remaining allegations contained in Paragraph 15 of the FAC.

16.    Defendant admits only that Defendant Andy Shao ("Defendant Shao") works in risk management at Citibank in the United States, and it is her understanding that Defendant Shao has never met Plaintiff. Defendant denies the remaining allegations contained in Paragraph 16 of the FAC.

17.    Defendant admits only that, in or about January 2024, she relocated to the United States and moved in with Defendant Shao. Defendant also admits that she was married to Defendant Shao at that time. Defendant denies the remaining allegations contained in Paragraph 17 of the FAC.

18.    Denied.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Defendant admits only that Plaintiff brought this lawsuit – at first seeking to proceed using a pseudonym. Defendant denies the remaining allegations of Paragraph 26 of the FAC.

27.    Denied.

## JURISDICTION AND VENUE

28.    Defendant neither admits nor denies the allegations contained in Paragraph 28 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

30.    Defendant admits only that Defendant Shao is a New Jersey resident and that the referenced "Chinese name" in Paragraph 30 belongs to Defendant Shao. Defendant denies the remaining allegations of Paragraph 30 of the FAC.

31.    Defendant admits only that she is a New Jersey resident and that the referenced "Chinese name" in Paragraph 31 belongs to her.  Defendant denies the remaining allegations of Paragraph 31 of the FAC.

32.     Defendant admits only that it is her understanding that the email address Lucy116503@gmail.com belongs to Defendant Shao.     Defendant denies the remaining allegations contained in Paragraph 32 of the FAC.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the FAC regarding "subpoena responses" that Plaintiff reportedly received, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.     Defendant denies the remaining allegations contained in Paragraph 33, and specifically that she engaged in any harassment or defamation of Plaintiff.

34.     Defendant neither admits nor denies the allegations contained in Paragraph 34 of FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.     To the extent that a response is required, the Defendant denies these allegations.

## FACTUAL ALLEGATIONS

**Vivian Jingyun Wang Meets and Begins Acting Inappropriately Toward Plaintiff**

35.     Defendant admits only that she and Plaintiff first met in Hong Kong in or about July 2022 when Plaintiff was a Vice President at a global financial institution, and Defendant an Associate working on Plaintiff's team.     Defendant further admits only that Plaintiff was promoted to Executive Director in or about 2023.

36.    Denied.

37.    Denied.

38.    Defendant admits that, on one occasion, she was crying at her desk as a result of Plaintiff giving her a work assignment late in the day with a false deadline, and then leaving the office.  Defendant also admits that her co-workers (but not Plaintiff) may have seen her crying at her desk.  Defendant denies the remaining allegations contained in Paragraph 38 of the FAC.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Defendant admits only that she had a "professional demeanor at work." Defendant denies the remaining allegations contained in Paragraph 42 of the FAC.

43.    Denied.

44.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

**In September 2023, Vivian Jingyun Wang Requested Plaintiff Represent Her at the Annual Performance Roundtable**

46.     Defendant admits only that, in or about September 2023, as part of her employer's annual review process, it was her understanding that she was going to be represented by a new Vice President who was less familiar with her work performance, so she requested that Plaintiff or another Managing Director that she worked closely with, was willing to represent her, and was more familiar with her work performance to represent her in the performance review Roundtable. Defendant denies the remaining allegations contained in Paragraph 46 of the FAC.

47.     Defendant admits only that Plaintiff was not her immediate manager nor her designated performance review Roundtable representative at the time of the Roundtable because she was under the management of a new Vice President who had more limited knowledge of her work performance. Defendant further states that Plaintiff was her immediate manager until approximately 2-3 months before the Roundtable, and he would have been her designated Roundtable representative if there was not a reorganization that resulted in her having a new manager. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

48.     Defendant admits only that she requested Plaintiff or another Managing Director that she worked closely with, was willing to represent her, and was more

familiar with her work performance to represent her in the performance review Roundtable. Further, Defendant was unaware of and not involved in the process of Plaintiff being appointed as her representative. Defendant denies the remaining allegations contained in Paragraph 48 of the FAC.

49.    Defendant denies that she "chose to work exclusively on [Plaintiff's] projects" in 2023. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

50.    Denied.

51.    Denied.

52.    Defendant admits only that the performance review Roundtable is a performance consensus meeting for executives, and that the various employees being discussed during the meeting are not present or otherwise privy to how the meeting is conducted. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

54.     Defendant admits only that, in or about mid-October 2023, Plaintiff represented her in the performance review Roundtable. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

**Vivian Jingyun Wang Inappropriately Accessed Her Rating Outcome in October 2023 and Blamed Plaintiff for What She Considered a "Disappointingly Fair" Result**

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

**Vivian Jingyun Wang Informed Plaintiff in Late-October 2023 of Her Intention to Relocate to the U.S. Office for Her Planned Marriage**

60.     Defendant admits only that, in or about October 2023, she shared her plans to get married and relocate to the United States with the coworkers on her team, including Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 60 of the FAC.

61.     Defendant admits only that she did announce her move to the United States in October 2023, and that as a professional courtesy she thanked Plaintiff for

the guidance he provided while she worked on his team.  Defendant denies the remaining allegations contained in Paragraph 61 of the FAC.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

**Vivian Jingyun Wang Quiet Quit while Awaiting Relocation and Began Retaliating Against Plaintiff in November 2023**

63.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

64.    Defendant admits only that, despite announcing her move to the United States in October 2023, she continued to work with Plaintiff in November 2023. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.     Defendant admits only that she accepted constructive feedback from Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the FAC as to what Plaintiff had "hoped," and, therefore, denies those allegations, and leaves Plaintiff to his proofs.  Defendant denies the remaining allegations of Paragraph 69.

70.     Defendant admits only that, consistent with her employer's policy, she received permission from her supervising Vice President to work remotely for the last few weeks before her transfer to the United States, and that she performed that work at a high level.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

71.     Defendant admits only that the text messages referenced in Paragraph 71 of the FAC are between her and another co-worker, not Plaintiff.  By way of further response, Defendant states that the allegations of Paragraph 71 purports to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 71.

72.     Denied.

**Defendants Sent Their First Blast E-Mail on December 20, 2023**

73.    Defendant states that the allegations of Paragraph 73 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining allegations contained in Paragraph 73, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 73.

74.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

75.    Denied.

**Defendants Sent Their Second Blast E-mail on January 4, 2024 and Then a Series of Targeted Harassing E-mails within the Month**

76.    Denied.

77.    Denied.

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the FAC regarding Plaintiff's "approval authority," and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

79.    Defendant states that the allegations of Paragraph 79 of the FAC purport to characterize a written document that speaks for itself, and Defendant

denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining allegations contained in Paragraph 79, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 79.

80.    Denied.

81.    The allegations of Paragraph 81 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining allegations contained in Paragraph 81, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 81.

82.    The allegations of Paragraph 82 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining allegations contained in Paragraph 82, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 82.

83.    Denied.

84.    Denied.

85.    The allegations of Paragraph 85 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining

allegations contained in Paragraph 85, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 85.

86.    The allegations of Paragraph 86 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 86, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 86.

87.    The allegations of Paragraph 87 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 87, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 87.

88.    The allegations of Paragraph 88 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 88, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 88.

89.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

90.    Defendant denies that she harassed Plaintiff or the individuals identified in Paragraph 90 of the FAC.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

**Defendants Sent More Blast E-mails in Late-February 2024 to Desperately Resuscitate Their Failing Scheme**

91.    Defendant admits only that she was made aware of an internal investigation regarding Plaintiff after she was contacted by Plaintiff's employer to participate as a potential witness of concerns raised about Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 91 of the FAC.

92.    Denied.

93.    The allegations of Paragraph 93 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 93, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 93.

94.    Denied.

95.    The allegations of Paragraph 95 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the

extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 95, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 95.

96.     Denied.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

98.     Denied.

99.     The allegations of Paragraph 99 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 99, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 99.

**Defendants Relentlessly Attacked Those Who Vindicated Plaintiff until April 2024**

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

## Defendants Initially Attempted to Harass Miss X and Plaintiff's Girlfriend into Turning Against Plaintiff

107.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

108.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

109.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

110.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

111.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the FAC as to what the individual identified as "Miss X" allegedly believed, and, therefore, denies those

allegations, and leaves Plaintiff to his proofs. Defendant denies the remaining allegations contained in Paragraph 111.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

**Defendants Later Retaliated Against Miss X for Whistleblowing**

116.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

117.   Denied.

118.   The allegations of Paragraph 118 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining allegations contained in Paragraph 118, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 118.

119.   The allegations of Paragraph 119 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining

allegations contained in Paragraph 119, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 119.

**Defendants Attacked Miss X and Plaintiff out of Shame Rage After Their Scheme Had Failed**

120.   Denied.

121.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the FAC as to Plaintiff being "officially reinstated at work," and, therefore, denies those allegations, and leaves Plaintiff to his proofs.   Defendant denies the remaining allegations of Paragraph 121.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   The allegations of Paragraph 128 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.   Defendant denies the remaining

allegations contained in Paragraph 128, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 128.

129.  The allegations of Paragraph 129 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 129, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 129.

130.  The allegations of Paragraph 130 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 130, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 130.

131.  The allegations of Paragraph 131 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 131, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 131.

132.  The allegations of Paragraph 132 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining

allegations contained in Paragraph 132, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 132.

133.   The allegations of Paragraph 133 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 133, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 133.

134.   The allegations of Paragraph 134 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 134, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 134.

## Defendants' Allegations Are Categorically False and Published with Actual Malice

135.   Denied.

136.   Denied.

137.   The allegations of Paragraph 137 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining

allegations contained in Paragraph 137, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 137.

138. The allegations of Paragraph 138 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

139. Defendant denies the allegations contained in Paragraph 139 of the FAC, and specifically denies that she was present at the meeting in which the comment alleged in Paragraph 139 was reportedly made because she was on vacation.

140. Denied.

141. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the "e-mails" referenced in Paragraph 141 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs. By way of further response, Defendant denies that she engaged in any harassment or defamation of Plaintiff.

142. The allegations of Paragraph 142 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the

extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 142, and specifically denies that she has any personal knowledge of the e-mail referenced in Paragraph 142.

143.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the FAC as to whether Plaintiff and the individual identified as Miss X have ever been "intimate," and, therefore, denies those allegations, and leaves Plaintiff to his proofs.  Defendant denies the remaining allegations contained in Paragraph 143.

144.   Denied.

145.   Denied.

**Plaintiff Has Suffered Devastating, Worldwide Harm to His Reputation and Career and Continues to Live in Unease**

146.   Denied.

147.   Denied.

148.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the FAC as to the individuals that contacted Plaintiff, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.  Defendant denies the remaining allegations contained in Paragraph 148, and specifically denies that she made any harassing or defamatory statements about Plaintiff.

149.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

150.   Denied.

151.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

152.   Denied.

153.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

154.   The allegations of Paragraph 154 of the FAC purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document.  Defendant denies the remaining allegations contained in Paragraph 154, and specifically denies that she has any personal knowledge of the letter referenced in Paragraph 154.

155.   Defendant denies that she sent any e-mails/made any posts containing any harassing or defamatory statements about Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 155 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

**Defendants' Weaponization of Legal Proceedings**

161. Defendant admits only that Plaintiff brought this lawsuit seeking to proceed using a pseudonym. By way of further response, Defendant states that the allegations of Paragraph 161 purport to characterize a written document that speaks for itself, and Defendant denies the allegations to the extent they mischaracterize the written document. Defendant denies the remaining allegations contained in Paragraph 161.

162. Denied.

163. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the FAC as to what "caused Plaintiff to be woken from his sleep and" whether he was "forced to decide whether he should say nothing and hopefully protect his name or respond to the allegations made against him[]" and, therefore, denies those allegations, and leaves

Plaintiff to his proofs. Defendant denies the remaining allegations contained in Paragraph 163.

164. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the FAC as to whether a "Bloomberg reporter declined to write [some alleged] story" and also whether "Plaintiff remains in fear that Defendants will soon convince another publication to do their dirty work[]" and, therefore, denies those allegations, and leaves Plaintiff to his proofs. Defendant denies the remaining allegations contained in Paragraph 164.

## FIRST CAUSE OF ACTION
### (Defamation)

165. Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

166. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the FAC as to the "[i]nformation provided by third parties" to Plaintiff, and, therefore, denies those allegations, and leaves Plaintiff to his proofs. Defendant denies the remaining allegations contained in Paragraph 166.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Defendant neither admits nor denies the allegations contained in Paragraph 174 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Defendant denies these allegations.

175.   Denied.

176.   Denied.

177.   Defendant neither admits nor denies the allegations contained in Paragraph 177 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Defendant denies these allegations.

## SECOND CAUSE OF ACTION
## (Defamation Per Se)

178.   Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

179.   Denied.

180.   Defendant neither admits nor denies the allegations contained in Paragraph 180 of the FAC as they are not factual allegations, but, rather, legal

conclusions to which no responsive pleading is required. To the extent that a response is required, the Defendant denies these allegations.

181. Denied.

182. Defendant neither admits nor denies the allegations contained in Paragraph 182 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required. To the extent that a response is required, the Defendant denies these allegations.

## THIRD CAUSE OF ACTION
### (False Light Invasion of Privacy)

183. Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

184. Defendant neither admits nor denies the allegations contained in Paragraph 184 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required. To the extent that a response is required, the Defendant denies these allegations.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190.   Denied.

191.   Denied.

192.   Defendant neither admits nor denies the allegations contained in Paragraph 192 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

## FOURTH CAUSE OF ACTION
### (Publicity Give to Private Life)

193.   Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Defendant neither admits nor denies the allegations contained in Paragraph 198 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting Defamation)

199.    Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Defendant neither admits nor denies the allegations contained in Paragraph 204 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.    To the extent that a response is required, the Defendant denies these allegations.

## SIXTH CAUSE OF ACTION
### (Tortious Interference with Contract/Prospective Economic Advantage)

205.    Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

206.    Defendant admits only that she works in the same industry as Plaintiff, and used to work in the same office as Plaintiff.    Defendant denies the remaining allegations contained in Paragraph 206 of the FAC.

207.    Denied.

208.    Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

213.   Defendant denies that she engaged in any form of defamation of Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 213 of the FAC, and, therefore, denies those allegations, and leaves Plaintiff to his proofs.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

214.   Defendant incorporates by reference her responses to all preceding paragraphs of Plaintiff's FAC as if fully set forth herein.

215.   Denied.

216.   Denied

217.   Denied

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.    Denied.

223.    Denied.

224.    Defendant neither admits nor denies the allegations contained in Paragraph 224 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

225.    Defendant neither admits nor denies the allegations contained in Paragraph 225 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

226.    Defendant neither admits nor denies the allegations contained in Paragraph 226 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

227.    Defendant neither admits nor denies the allegations contained in Paragraph 204 of the FAC as they are not factual allegations, but, rather, legal conclusions to which no responsive pleading is required.   To the extent that a response is required, the Defendant denies these allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF" section of her FAC.

## GENERAL DENIAL

Defendant denies each and every allegation set forth in the FAC that is not specifically admitted herein.

## SEPARATE DEFENSES

At this time, Defendant asserts the following Separate Defenses to Plaintiff's FAC without conceding that Defendant bears the burden of proof as to any of them:

1. The FAC fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff was not subject to any defamatory conduct by Defendant.

3. The claims set forth in the FAC are barred in whole or part by the doctrines of res judicata and/or collateral estoppel.

4. The claims set forth in the FAC are barred in whole or part by expiry of the applicable statute of limitations.

5. The FAC is barred in whole or part because the alleged negligence on the part of the Defendant, if any, was not the proximate cause of any injuries Plaintiff may have sustained or otherwise alleged in this action.

6.    The FAC is barred in whole or part because Plaintiff's damages, if any, were caused by Plaintiff's own actions and/or inactions.

7.    The FAC is barred in whole or part because Plaintiff's damages, if any, were caused by the actions of persons and/or entities over whom the Defendant had no control.

8.    The FAC is barred in whole or part due to Plaintiff's failure to exhaust all administrative remedies available to him prior to filing this action.

9.    Plaintiff's claims were thoroughly investigated by his employer and, admittedly, unfounded.

10.    Punitive damages are unavailable because Plaintiff's allegations describe which do not rise to the level required under applicable law, including, but not limited to, New Jersey's Punitive Damages Act.

11.    Punitive damages are unavailable against Defendant because, among other reasons, Defendant has not acted maliciously, recklessly, or with willful indifference, and has, instead, made a good faith effort to comply with the law.

12.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has sustained no damages.

13.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages or otherwise avoid them.

14. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

15. Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, unclean hands, or other equitable defenses.

16. Plaintiff's claims are barred because Defendant did not aid or abet alleged defamation.

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Defendant respectfully requests:

1. That Plaintiff takes nothing by this action;

2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action of the FAC;

3. That Defendant be awarded her costs of suit herein incurred;

4. That Defendant be awarded her attorneys' fees; and

That the Court award Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated:  April 18, 2025

*/s/ Terry D. Johnson*
Terry D. Johnson
502 Carnegie Center
Princeton, New Jersey 08540-7814
Phone: (609) 919-6600
Fax: (609) 919-6701
terry.johnson@morganlewis.com
*Attorneys for Defendant Jingyun Wang a/k/a Vivian Wang*

## CERTIFICATE OF SERVICE

I certify that on April 18, 2025, I served a copy of Defendant's Answer and

Separate Defenses to Plaintiff's First Amended Complaint on the following via ECF:

Daniel S. Szalkiewicz, Esq.
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
*Attorneys for Plaintiff*

Robert D. Kovic, Esq.
The Law Offices of Robert D. Kovic
1 Bridge Plaza, Suite 275
Fort Lee, NJ 07024
*Attorneys for Defendant Jia Lun Shao a/k/a Andy Shao*

*/s/ Terry D. Johnson*
Terry D. Johnson