# Morgan Lewis

**Terry D. Johnson**
Partner
+1.609.919.6689
terry.johnson@morganlewis.com

October 10, 2025

## VIA ECF

Honorable Cari Fais, U.S.M.J.
Martin Luther King Jr. Courthouse
50 Walnut St.
Room 4015, Courtroom PO 9
Newark, NJ 07101

Re:   *Kueh v. Shao and Wang*
      Civil Action No. 2:24-cv-09972-BRM-CLW

Dear Judge Fais:

We represent Defendant Vivian Wang ("Defendant Wang") in the above-referenced matter. We respectfully write in response to the Court's October 1, 2025 Order, requesting that the parties submit a joint letter: (1) providing a brief factual and procedural summary of the case, including the claims and defenses; (2) advising the Court of the status of discovery; (3) identifying any pending motions and proposed modifications to the existing scheduling order; and (4) advising the Court of the status of any settlement efforts and whether a Settlement Conference is appropriate (ECF No. 50). To that end, counsel of all parties have conferred and submit this joint letter in accordance with the Order.

I.   **Factual and Procedural History**

   a. **Procedural History**

On October 1, 2024, Plaintiff Russell Kueh filed his initial Complaint under the pseudonym John Doe in this Court, against Defendant Andy Shao and Defendant Wang (ECF No. 1). With the original Complaint Plaintiff also filed a motion for protective order to proceed in the matter as John Doe. On December 2, 2025, Defendants filed opposition to the motion for a protective order (ECF No. 17). While the motion was fully briefed and pending, the Court ordered Defendants to submit responsive pleadings to the Complaint by February 25, 2025 (ECF No. 32). On February 24 and February 25, 2025, Defendants filed their, respective, responsive pleadings (ECF Nos. 33, 34). On March 21, 2025, the Court held a Rule 16 conference and issued a pre-trial scheduling order (ECF No. 36).

Subsequently, on March 28, 2025, the Court denied Plaintiff's motion for a protective order to proceed under pseudonym and ordered Plaintiff to "file an Amended Complaint in which he includes his full name in the caption and replaces references to 'John Doe' or 'Doe' throughout" [(ECF No. 37)]. On April 4, 2025, Plaintiff filed an Amended Complaint with his full name and additional

Morgan, Lewis & Bockius LLP

502 Carnegie Center
Princeton, NJ  08540-6241        ☎ +1.609.919.6600
United States                    ✆ +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Michelle Silverman, Partner-in-Charge

Honorable Cari Fais, U.S.M.J.
October 10, 2025
Page **2** of **3**

allegations (ECF No. 38).  On April 18, 2025, Defendants filed their respective Answers to the Amended Complaint (ECF Nos. 44, 45).  The Amended Complaint is currently the operative Complaint in this matter.

On June 23, 2025, the Court held a status conference at which the October 17, 2025 status conference was scheduled, and for which this letter is being submitted (ECF No. 47).  On August 12, 2025, the Court entered a Confidentiality Order (ECF No. 49).

On October 1, 2025, the Your Honor ordered the parties to file this joint letter about the status of the case in advance of the status conference (ECF No. 50).

### b. Claims and Defenses

Plaintiff's Amended Complaint contains seven causes of action all stemming from alleged actions taken by Defendants to defame Plaintiff.  The common law causes of action are as follows: (1) Defamation; (2) Defamation Per Se; (3) False Light Invasion of Privacy; (4) Publicity Given to Private Life; (5) Aiding and Abetting Defamation; (6) Tortious Interference with Contract/Prospective Economic Advantage; and (7) Intentional Infliction of Emotional Distress.  *See* ECF No. 38.

Defendants deny taking any action to defame or otherwise injure Plaintiff and have asserted non-exhaustive, yet specific defenses in their respective Answers to the Complaint.  *See* ECF Nos. 44, 45.  Notwithstanding, Defendants essentially asserts the following non-exhaustive list of defenses includes: truth, privilege, lack of knowledge, and lack of damages.

## II. Status of Discovery

As for the status of discovery, the current discovery end date is October 31, 2025.  The parties have exchanged initial paper discovery, and no depositions have been taken yet, although, on September 16, 2025, Defendant Wang did notice Plaintiff's deposition. Nevertheless, there is an open dispute about outstanding document productions and the parties are attempting to confer on the issue.

## III. Proposed Modifications to the Scheduling Order

As noted above, Defendant Wang noticed Plaintiff's deposition for October 23, 2025.  However, seeing that we are already in October and there are disputes about document productions, related to documents that are needed in advance of depositions, we propose an additional four (3) months of discovery up to and including January 31, 2026.  In the same vein, we would also propose extending expert discovery similarly for the same four months, up to and including having all affirmative expert reports furnished by February 28, 2026, responsive reports furnished by March 31, 2026, and all expert depositions taken by April 30, 2026.  We believe extending these deadlines will provide the parties with enough time to collect and exchange outstanding discovery and take depositions.

## IV. Status of Settlement Efforts

In late March / early April of 2025, the parties discussed Plaintiff's demand for settlement but have not since had further conversations about settlement.  The parties are open to the idea of a settlement conference.  A settlement conference may be productive to engage in settlement and at

Honorable Cari Fais, U.S.M.J.
October 10, 2025
Page **3** of **3**

the very least to manage the parties' expectations before further expenditures on discovery, including depositions and experts.

**V.    Conclusion**

We appreciate Your Honor's attention to this matter and look forward to meeting Your Honor and discussing the above.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**                     **VERIDIAN LEGAL P.C.**

*/s/ Terry D. Johnson*                                                */s/* Daniel S. Szalkiewicz
Terry D. Johnson, Esq.                                          Daniel S. Szalkiewicz, Esq.
Carlyle W. Edwards-Balfour, Esq.                        Cali Madia, Esq.
502 Carnegie Center                                              23 West 73rd Street, Suite 102
Princeton, New Jersey 08540                               New York, New York 10023
terry.johnson@morganlewis.com                        daniel@veridianlegal.com
carlyle.edwards-balfour@morganlewis.com    cali@veridianlegal.com
Phone: (609) 919-6621                                         Phone: (212) 706-1007

*Attorneys for Defendant Vivian Wang*                *Attorneys for Plaintiff*

**THE LAW OFFICES OF ROBERT D. KOVIC**

*/s/* Robert D. Kovic
Robert D. Kovic, Esq.
1 Bridge Plaza, Suite 275
Fort Lee, NJ 07024
rdkovic@koviclaw.com
Phone: (800) 899-9197

*Attorneys for Defendant Andy Shao*

cc: All counsel of record via ECF