# VERIDIAN LEGAL

23 West 73rd Street     T: (212) 706-1007
Suite 102     F: (646) 849-0033
New York, NY 10023     www.veridianlegal.com

May 5, 2026

**Via ECF**
Hon. Cari Fais, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

*Re:    Kueh v. Shao et ano.*
*District Court, New Jersey Case No 24-9972*

Dear Judge Fais:

Plaintiff Kueh respectfully submits this letter pursuant to the Court's Text Order dated April 20, 2026.

### I.    Wang Has "Control" Over her Own Work E-mail Under Rule 34 Standard

Defendant Wang is not the first employed individual to argue her emails belong to her employer. In *Torrey*, defendant doctors claimed they did not "have 'possession, custody, or control' of their work emails" and a federal court ruled that FRCP "plainly allows for production of documents within the 'possession, custody, or control' of a party'" and "federal courts have consistently held that documents are deemed to be within a party's 'possession, custody, or control' for the purposes of Rule 34 if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand.'" Torrey v. Infectious Diseases Soc'y of Am., 334 F.R.D. 79, 85 (E.D. Tex. 2019). The court in Torrey reasoned that the doctors "created the emails in question themselves and sent the emails to outside entities" and the doctors "are free to use their work emails for many purposes, including their work…and their work and personal devices can search and download their work emails. Id. 86.

In Getachew, the plaintiff argued he did not have possession, custody, or control of his work emails and could not "be ordered to compel production from a non-party." Getachew v. L&S Invs., LLC, No. 3:23-CV-01381(MPS), 2026 LX 87828, at *11 (D. Conn. Feb. 13, 2026). Importantly, the plaintiff in Getachew was an attorney at Willkie Farr and still the court was "not persuaded by the plaintiff's argument that he lacks 'control' of the documents because he is merely a *minority* shareholder in a 'multi-billion dollar global company' without an executive position." Id., 18. The court continued, holding "this case presents a typical scenario where a party is tasked with obtaining documents from his employer that are unrelated to the employer's business but are related to the allegations in the complaint" and "if the Court were to rule in the plaintiff's favor, such a ruling would create an incentive to a party to use their work email address to send or receive communications they do not want discovered." Id., 21. The court ordered plaintiff to run the ESI searches on his Willkie Farr email or work with an outside vendor. See Id., 22.

May 5, 2026
Page 2

The court in <u>Merlis v. Greer</u> highlighted the definition of "control" as being "the right, authority, or practical ability to obtain the documents." <u>Mirlis v. Greer</u>, 80 F.4th 377, 382 (2d Cir. 2023).

If an equity partner at Willkie Farr can be ordered to produce relevant documents sent/received using his work email address, so too can Defendant Wang.

## II.      JPMorgan Code of Conduct Permits Disclosure

Defendant Wang paints JPMorgan's Code of Conduct as strictly prohibiting all disclosure of her emails; this is simply not true.  First, a private employer's confidentiality policy cannot override a party's obligations under FRCP.  "Any two parties can agree to keep certain matters secret, but that does not mean that those matters are inherently sensitive." <u>Crozer-Chester Med. Ctr. v. NLRB</u>, 976 F.3d 276, 294 (3d Cir. 2020).  One cannot "prevent production of relevant information simply by asserting that it is 'confidential.'" <u>Id.</u>

Second, the Code of Conduct specifically states, "Confidential information should never be disclosed to anyone inside or outside our firm except as permitted by law, in the proper conduct of our business, where disclosure is required by legal process, or where the Compliance or the Legal Department otherwise determines it is appropriate" (Dkt. 72, p. 11).  The Code of Conduct further governs "**unauthorized** sharing of ["internal communications, such as emails, recordings, and articles"]" (Dkt. 72, p. 9, emphasis added) which this is not.  Finally, the Code of Conduct also provides: "JPMorganChase policies and restrictions on disclosing confidential information do not prevent you from reporting concerns to the government, a regulator, your attorney, or a court under seal." (Dkt. 72, p. 6).

The Code of Conduct specifically authorizes Defendant Wang to provide communications to her attorney, which is exactly what she is being asked to do here.  It also permits disclosure when required by legal process.  Defendant Wang has daily access to her own individual JPMC work email account. She uses it every day. She can search it. She can review it. She can produce responsive, non-privileged documents from it. The fact that JPMC owns the server on which those emails reside does not transform her own email account into a third-party repository beyond her control.

Very Truly Yours,

VERIDIAN LEGAL P.C.
*/s/ Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**

Veridian Legal P.C.